### GARRISON v. DOUGHERTY.

### CRAWFORD v. SAME.

The final judgment, within forty-eight hours of which a complaint for improvements under the betterment law must be filed (*Gen. Stat.* ? 1837), means the judgment of the Circuit Court, even in cases where the cause is further prosecuted by appeal. Where such a complaint was not filed until *remittitur* entered dismissing an appeal, it was not within the time limited.

---

Before HUDSON, J., Marion, October, 1882.

These were actions by Vige Garrison and Ervin Crawford against John Dougherty, heard together. The Circuit judge thus states the cases:

These are actions brought against the defendant for the value of alleged betterments made by the plaintiffs upon a tract of land in the county of Marion, the possession of which the defendant, John Dougherty, had recovered of the plaintiffs in an action involving the question of title. The verdict in favor of Dougherty was rendered at the April term of the Court of Common Pleas for Marion county, A. D. 1880, and judgment thereon entered up and filed May 1st, 1880. In due season an

appeal was taken to the Supreme Court, and by that court the judgment of the Circuit Court was affirmed. The *remittitur* was sent down to the Circuit Court, and filed in the clerk's office on April 11th, 1881. On the same day the present plaintiffs filed, each for himself, a complaint for the recovery of the value of betterments on that part of the tract claimed by each. In his answer to these complaints, the defendant, Dougherty, sets up several defenses, and among them, that the complaint in each case was filed too late. The proceedings are under chapter CXXI., sections 1–7, of the General Statutes (1872), which requires the complaint for betterments to be filed in forty-eight hours after the rendering of final judgment, or during the term of the court at which such judgment is rendered. The question presented is whether the final judgment contemplated in the statute is the judgment of the Circuit Court appealed from, or that judgment affirmed by the Supreme Court, as evidenced by the *remittitur* sent down and filed.

A reading of all the sections of the chapter providing this summary and efficacious remedy, and the prompt steps requisite to obtain the relief, satisfies me that the final judgment contemplated is the judgment of the Circuit Court. Within forty-eight hours after the rendering of such judgment, or, at furthest, during the term at which it is rendered, this claim for betterments must be filed. Hence it is that no summons is required to be served, and no notice, except the filing of the complaint, is to be given. A prompt assertion of the claim and its speedy determination are evidently contemplated, and hence the stay of all further proceedings under the judgment for the recovery of the land.

It is therefore ordered and adjudged, that the complaint in each of these cases be dismissed with costs.

The plaintiffs appealed on the following grounds: 1. Because his Honor erred in holding that the complaint in this action was filed too late, not having been filed within forty-eight hours after the judgment was entered in the Circuit Court. 2. Because his Honor erred in holding that the filing of the complaint in the case within forty-eight hours after the filing of the *remittitur* of the Supreme Court was too late, and was not in conformity

with the betterment act. 3. Because his Honor erred in holding that the act required the filing of the complaint within forty-eight hours after the judgment of the Circuit Court.

*Messrs. Townsend & McKerall*, for appellants.

*Messrs. Johnson & Johnson*, contra.

February 15th, 1883. The opinion of the court was delivered by

MR. JUSTICE McGOWAN [omitting the statement of the case]. The question is simply one of construction of the statute, which having stated that " after final judgment in an action to recover lands and tenements " &c., goes on to declare "that the defendant in such action shall, within forty-eight hours after such judgment, or during the term of the court in which the same shall be rendered, file a complaint against such plaintiff for so much money as the lands and tenements are so made better, in the office of the clerk of such court, which shall be sufficient notice to the defendant in such complaint to appear and defend against the same," &c. *Gen. Stat.*, § 1837.

The judgment is spoken of as " a final judgment," and the word " final " does ordinarily mean " relating to the end," " ultimate," " last," " latest," but, taking the whole provision together, we can not doubt that the words were intended to apply to the Circuit Court. Manifestly great promptness was intended. " Within forty-eight hours after such judgment or during the term of the court in which the same shall be rendered." There are expressions here which are entirely inapplicable to a judgment of the Supreme Court, sent down with the *remittitur*, which may not be necessarily during the term of either the Court of Common Pleas or of the Supreme Court, and can not be appropriately said to be " rendered."

The expression " final judgment," as applying to the Court of Common Pleas, occurs several times in the code of procedure. In section 11, " provided, if no appeal be taken until final judgment is entered," &c.; in section 305, " a transcript of a

final judgment directing in whole or in part," &c., and in section 313, " Final judgments hereafter entered shall not of themselves constitute a lien," &c.

The judgment of this court is that the judgment of the Circuit Court be affirmed.